**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-1258

_____

IN RE: MARY LOU DOHERTY,
                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-19-mc-00167)
District Judge: Honorable Juan R. Sanchez

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on October 28, 2021

Before: GREENAWAY, JR., KRAUSE, and PHIPPS, *Circuit Judges*

(Filed: November 9, 2021)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Appellant Mary Lou Doherty appeals her disbarment by the United States District Court for the Eastern District of Pennsylvania. A three-judge panel of that court found that Doherty had violated Pennsylvania's Rules of Professional Conduct[1] and recommended disbarment in a Report and Recommendation ("R&R") adopted by the District Court. Doherty concedes that she violated the Rules of Professional Conduct but nevertheless appeals, arguing that disbarment is an unduly harsh punishment. For the following reasons, we will affirm.

I.  **BACKGROUND**

In February 2021, the District Court ordered Doherty's disbarment for misconduct arising out of a lawsuit she commenced seeking insurance coverage from Allstate after the rental licenses for two properties she owned were revoked by the local township government (the "Underlying Litigation"). As relevant to the instant appeal, at Doherty's first appearance in federal court in the Underlying Litigation, Judge Pappert, the presiding judge, noted that Doherty had no colorable claim against Allstate, and therefore warned Doherty that her lawsuit was likely frivolous and that Allstate would surely seek to have her sanctioned. Doherty did not heed this warning, and instead proceeded to vexatiously litigate the case over the course of the following four years with over 200 docket entries.

---

[1] The District Court for the Eastern District of Pennsylvania has adopted the Pennsylvania Rules of Professional Conduct. *See* Local R. Civ. P. 83.6.IV.B (2017 ed.).

Unsurprisingly, at the conclusion of the litigation, Allstate moved for sanctions pursuant to 28 U.S.C. § 1927, and Judge Pappert granted that motion after finding that Doherty:

- was motivated by her longstanding feud with the township government, not by a belief that she had viable claims against Allstate, so she knowingly prosecuted a meritless case;

- "acted with willful bad faith" and further demonstrated bad faith in her interactions with the court;

- had "[run] through countless stop signs with utter disregard for the civil justice system, . . . turn[ing] a simple (though baseless) insurance coverage case into one with over 200 docket entries"; and

- had: "(l) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct[.]"

App. 222-28. Doherty did not appeal the sanctions order or challenge the Court's factual findings and subsequently paid the amount ordered.

After Judge Pappert issued the sanctions order, the matter was referred to a three-judge panel to determine whether further discipline was warranted. The panel appointed counsel to investigate whether Doherty had violated the Pennsylvania Rules of Professional Conduct and conducted a hearing at which Doherty testified and presented mitigating evidence. In its R&R, the panel determined that Doherty had violated Rules 3.1, 3.2, 3.3(a), 4.1, and 8.4(d) of the Pennsylvania Rules of Professional Conduct and recommended disbarment as an appropriate sanction "to protect the public from unfit attorneys and to maintain the integrity of the legal profession and the judicial process."

3

App. 18 (quoting *Off. Disciplinary Couns. v. Price*, 732 A.2d 599, 606 (Pa. 1999)).  In explaining its decision to recommend disbarment as an appropriate punishment, the panel quoted Judge Pappert, concluding that:

> [Doherty] is skilled in deception, practiced at obfuscation and imbued with an unshakable belief that she can scheme or argue her way out of anything.  What's worse, she believes that she can abuse her law license, and the law itself, without question or ramifications.

*Id.* at 19 (quoting *id.* at 228).  The District Court adopted the R&R in its entirety over Doherty's objections and ordered her disbarment.

## II.   DISCUSSION

A federal district court "has the inherent authority to set requirements for admission to its bar and to discipline attorneys who appear before it." *In re Surrick*, 338 F.3d 224, 229 (3d Cir. 2003).  We have appellate jurisdiction under 28 U.S.C. § 1291, and "[w]e review district courts' decisions regarding the regulation of attorneys who appear before them for abuse of discretion." *Id.*  A court abuses its discretion when it imposes sanctions based "on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Adams v. Ford Motor Co.*, 653 F.3d 299, 304 (3d Cir. 2011) (quoting *Bowers v. The Nat'l Collegiate Athletic Assoc.*, 475 F.3d 524, 538 (3d Cir. 2007)).  Where the exercise of that discretion turns on factual findings, we review those findings for clear error, *id.*, while our review of legal determinations is plenary, *In re Surrick*, 338 F.3d at 229.

Doherty primarily argues that the District Court failed to properly weigh the mitigating factors she asserted, including character testimony from her son, evidence of

4

purported good works in the community, the presence of co-counsel in the Underlying Litigation, her advanced age, her education, the fact that she had not been formally disciplined for prior misconduct, and a self-proclaimed lack of a dishonest or selfish motive. But the record is clear that the District Court did consider this evidence, addressed each of Doherty's proffered mitigating factors, and determined that "[t]hese factors—insofar as they are true—do not adequately mitigate Doherty's outrageous conduct." App. 18. Specifically, it found them undermined and outweighed by its findings that Doherty: (i) refused to acknowledge her misconduct; (ii) refused to accept Judge Pappert's findings; and (iii) continued to engage in misconduct throughout the disciplinary proceeding.

Because the District Court's determination that these aggravating factors outweighed the mitigating factors was reasonable, its "account of the evidence is plausible in light of the record viewed in its entirety," and we cannot conclude that the court abused its discretion, "even if, as the trier of fact, we would have weighed the evidence differently." *United States v. Price*, 558 F.3d 270, 277 (3d Cir. 2009) (internal quotation marks omitted) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985)).

To the extent Doherty challenges the District Court's determination that she failed to accept responsibility for her misconduct, that credibility determination is purely factual and as noted above, we review factual findings for clear error, affording "due regard to the trial court's opportunity to judge the witnesses' credibility." *Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500, 515 (3d Cir. 2012) (quoting Fed. R. Civ. P. 52(a)(6)).

5

Here, the record makes the District Court's adverse credibility determination even more than "plausible," *Price*, 558 F.3d at 277; it provided extensive reasoning and pointed to specific testimony from the hearing. As a result, we cannot say that the District Court's credibility determination was based on a clearly erroneous view of the evidence. *Travelers Cas. & Sur. Co. v. Ins. Co. of N. Am.*, 609 F.3d 143, 156-57 (3d Cir. 2010). Its reliance on that determination was therefore not an abuse of discretion. *Adams*, 653 F.3d at 304.

Doherty next argues that the District Court misapplied the law by taking a "primarily punitive" approach to attorney discipline, Reply Br. 9, and employing an "almost *per se*" rule that disbarment is always warranted for misconduct involving "misrepresentation or an intent to deceive," Opening Br. 64. But this mischaracterizes the District Court's decision, which, in fact, provided the "necessary individual review" Doherty seeks. *Id.* For example, the District Court closely examined her misconduct, credibility, failure to accept responsibility, and each of her proffered mitigating factors, and then determined that "a reprimand or suspension is not a sufficient sanction" to "protect the public from unfit attorneys and to maintain the integrity of the legal profession[.]" App. 18 (quoting *Price*, 732 A.2d at 606). At bottom, Doherty's objection is to the District Court's weighing of the evidence, not to the legal standard it applied in imposing the punishment it selected, and we cannot say it abused its discretion in the weight it accorded.

## III. CONCLUSION

Even if "reasonable jurists may disagree" with the District Court's decision to order Doherty's disbarment if "called upon to examine [the same evidence] in the first instance," *In re Surrick*, 338 F.3d at 237, that decision, in and of itself, was not unreasonable. Accordingly, we must affirm.